# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CASE NO: 09-81025 |
| DONALD JAY MCCAULEY, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | |

## RESPONSE OF AMERICAN EXPRESS BANK, FSB AND ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTIONS TO CLAIM NUMBERS 5 AND 8

### BACKGROUND

American Express Bank, FSB ("American Express") and eCAST Settlement Corporation ("eCAST"), by and through their undersigned counsel, hereby respond to the Debtor's Objections to Claim Numbers 5 and 8, and in support thereof, aver as follows:

1. On June 22, 2009, Donald McCauley ("Debtor") filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. On August 7, 2009, American Express filed a timely, general unsecured claim in the amount of $7,848.23 for the unpaid pre-petition charges incurred on Debtor's credit card account number ***********1007. The claim was designated as Claim Number 5 ("Claim 5") on the Court's claims register.

3. On September 17, 2009, eCAST, as assignee of Chase Bank USA, N.A. ("Chase"), filed a timely, general unsecured claim in the amount of $24,642.05 for the unpaid pre-petition charges incurred on Debtor's credit card account number ************9524. The claim was designated as Claim Number 8 ("Claim 8") on the Court's claims register.

1

4. On May 12, 2010, Debtor filed Objections to Claims 5 and 8 alleging a lack of account documentation. The Debtor requests that Claims 5 and 8 be disallowed.

### RESPONSE

### A PUTATIVE LACK OF DOCUMENTATION IS NOT A BASIS UNDER 11 U.S.C. § 502(b) UPON WHICH A CLAIM CAN BE DISALLOWED

5. A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by one of the specified provisions of the statute. *In re Dove-Nation v. eCAST Settlement Corp.* (*In re Dove-Nation*), 318 B.R. 150, 153 (B.A.P. 8th Cir. 2004); 11 U.S.C. § 502(b)(1)-(9). The Court "shall allow such claim" in the Court's determinate amount unless it finds one or more of nine statutory exceptions, *Id.*; *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003), none of which includes failure to attach sufficient supporting documentation or to comply with Fed. R. Bankr. P. 3001.

6. The Debtor bears the burden of proof of establishing that the claims are not valid. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim filed in accordance with the rules shall constitute *prima facie* evidence of the validity and amount of the claim.

7. The burden of proof is on the objecting party to produce evidence "equivalent in probative value to that of the creditor to rebut the *prima facie* effect of the proof of claim." *In re VTN, Inc.*, 69 B.R. 1005 (Bankr. S.D. Fla. 1987), citing *In re DeLorean Motor Co. Litigation*, 59 B.R. 329 (Bankr. E.D. Mich. 1986).

8. The Debtor's Objections, lacking any controverting evidence, fail to overcome the *prima facie* validity of Claims 5 and 8. Moreover, and fatally, the Debtor has not shown any substantive basis, grounded in 11 U.S.C. § 502(b) for disallowance of the claims.

# THE DOCUMENTATION ATTACHED TO THE CLAIMS COMPLIES WITH THE REQUIREMENTS OF THE BANKRUPTCY RULES

*Claim 5*

9. Claim 5 was filed with a true and correct copy of the Debtor's account statement in support of the claim. The account statement reflects the Debtor's name, redacted account number and balance due on the account as of the Debtor's petition date.

10. Despite the fact that American Express believes Claim 5 as filed is sufficient, attached hereto and made a part hereof as Exhibit "A" are true and correct copies of the account application, account agreement and additional account statements. The account application and account statements collectively reflect the Debtor's name, redacted social security number, redacted account number and monthly account activity. The June 2009 account statement reflects a pre-petition balance due in the amount of $7,848.23 which supports the claim filed. The account agreement confirms the Debtor's liability for the account.

*Claim 8*

11. Claim 8 was filed with a true and correct copy of the Assignment of Accounts and Waiver of Notice of Transfer of Claims of the account from Chase to eCAST along with an Explanation of Unavailable or Voluminous Documentation Not Attached and an account summary in support of the claim. The account summary reflects the Debtor's name and address, redacted social security number, creditor name, redacted account number, account type, open date, charge off date and balance due on the account as of the Debtor's petition date.

12. Despite the fact that eCAST believes Claim 8 as filed is sufficient, attached hereto and made a part hereof as Exhibit "B" is an Affidavit of Sale in support of the claim. The Affidavit of Sale confirms that the pre-petition balance due and owing on the account was

3

$24,642.05 and that the account was sold to eCAST. Attached hereto and made a part hereof as Exhibit "C" are true and correct copies of account statements in support of the claim. The account statements reflect the Debtor's name and address (reflected as a previous address on the Debtor's Statement of Financial Affairs), redacted account number and monthly account activity. The May 2009 statement reflects a pre-petition balance due in the amount of $24,603.05. Thereafter, an additional pre-petition late fee was incurred in the amount of $39.00 resulting in a balance due in the amount of $24,642.05 which supports the claim filed.

13. On June 4, 2010, in an effort to resolve informally the Debtor's Objections to Claims 5 and 8, Counsel for American Express and eCAST sent an e-mail to the Debtor's Attorney enclosing the above documentation. To date, the Debtor's Objections to Claims 5 and 8 remain unresolved.

14. Official Bankruptcy Form 10 provides that proofs of claim should be filed with supporting documents but, **"If the documents are voluminous, attach a summary."** (emphasis added).

15. The majority of courts have concluded that the documentation of a credit card account is voluminous and to require that such documentation be produced would be burdensome. Thus, a summary is sufficient to support a proof of claim based upon a credit card debt. *See In re Cluff,* 313 B.R. 323 (Bankr. D. Utah 2004) *aff'd sub nom.*, *Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006) citing *In re Bledsoe,* No. 1-03-01609 (Bankr. M.D. PA 2004) (finding that it would be unduly burdensome to require a credit card company to attach a complete transaction history because the debt is based on each individual credit transaction)(unpublished), *see also In re Kemmer,* 315

4

B.R. 706 (Bankr. E.D. Tenn. 2004) (finding that Official Form 10 allows for attachment of a summary of the claim, which falls in line with Federal Rule of Evidence 1006).

## ASSIGNMENT DOCUMENTATION

16. The account represented by Claim 5 is that of American Express. American Express did not sell or otherwise transfer this account therefore, no assignment exists.

17. Claim 8 was filed by eCAST, as assignee of the original creditor. At the time of the filing of the claim, eCAST owned the account.

18. F.R.B.P. 3001(e)(1) governs a transfer of claim other than for security before the proof of claim is filed, which is the case with Claim 8. According to the plain language of 3001(e)(1) "if a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee." The Rule does not state that proof of the transfer must be attached to the claim nor do the instructions on the Official Form.

19. The lack of a requirement of proof of transfer is in marked contrast to the previous version of Rule 3001(e), which specifically required a post-petition transferee of a debt to include with his proof of claim a statement by the transferor that acknowledged the transfer and the consideration for the transfer:

**3001(e)(former):**

> *(1) Unconditional Transfer Before Proof Filed*. If a claim other than one based on a bond or debenture has been unconditionally transferred before proof of the claim has been filed, the proof of claim may be filed only by the transferee. **If the claim has been transferred after the filing of the petition, the proof of claim shall be supported by (A) a statement of the transferor acknowledging the transfer and stating the consideration therefore or (B) a statement of the transferee setting forth the consideration for the transfer and why the transferee is unable to obtain the statement from the transferor.** (Emphasis added).
> Advisory Committee Note (former)

5

> *Subdivision (e).* The rule recognizes the differences between an unconditional transfer of a claim and a transfer for the purpose of security and prescribes a procedure for dealing with the rights of the transferor and transferee when the transfer is for security. The rule clarifies the procedure to be followed when a transfer precedes or follows the filing of the petition. The interests of sound administration are served by requiring the post-petition transferee to file with the proof of claim a statement of the transferor acknowledging the transfer and the consideration for the transfer.
> …

20. The current version of Rule 3001(e) eliminated the requirement for proof of sale or transfer of the debt and disclosure of the consideration paid for the debt. As noted in the Advisory Committee Notes to the 1991 Amendments to Rule 3001, "**Subdivision (e)** is amended to limit the court's role to the adjudication of disputes regarding transfers of claims. If a claim has been transferred prior to the filing of a proof of claim, **there is no need to state the consideration for the transfer or other evidence of the transfer**. …" (emphasis added).

21. Despite the fact that a copy of an assignment is not required to be attached to a claim, as stated above, Claim 8 was filed with a copy of the applicable assignment of the account to eCAST. Furthermore, an Affidavit of Sale has been provided for the account represented by Claim 8 which confirms that the account was sold to eCAST. *See* Exhibit "B".

### THE CLAIMS ARE *PRIMA FACIE* VALID AND DEBTOR HAS NOT MET HIS BURDEN TO OVERCOME THE PRESUMED VALIDITY OF THE CLAIMS

22. A claim that is properly executed and filed is given *prima facie* validity. Fed. R. Bankr. P. 3001(f). If the objecting party provides **substantial** evidence, he will succeed in overcoming the *prima facie* effect of 3001(f). Only after overcoming the *prima facie* effect of the Proof of Claim does the burden of going forward shift to the Claimant to prove the validity of their claims by a preponderance of the evidence. *Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3rd Cir. 1992).

23. Even a claim that is not sufficient to achieve *prima facie* validity is still some evidence of the debt. *See In re Mazzoni*, 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a claim does not have prima facie validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $ 500,000 or up to five years in prison.")

24. The Debtor has failed to overcome the *prima facie* validity of Claims 5 and 8.

## CONCLUSION

25. It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305, 60 S. Ct. 238, 244, 84 L. Ed. 281 (1939).

26. The bankruptcy process is intended to reach an equitable result justly, quickly, and inexpensively. Fed. R. Bankr. P. 1001. Indeed, speed and economy are principal goals of the laws of bankruptcy. *Katchen v. Landy*, 382 U.S. 323, 328 (1966). The claim administration process grinds to a halt when technical objections to claims are filed and litigated when there appears to be no dispute as to the underlying debt. Accordingly, such manipulation fuels concerns about the equitable results for the various parties in the bankruptcy process.

27. American Express and eCAST aver that they adhered to the Rules of Bankruptcy Procedure in the filing of Claims 5 and 8 and believe the Claims are valid as filed. Should the Debtor provide some evidence that the Claims are not valid, **which he has not**, American Express and eCAST agree that they then have the ultimate burden to prove the debts. Disallowance of the Claims under these circumstances, however, is unwarranted.

**WHEREFORE**, American Express Bank, FSB and eCAST Settlement Corporation respectfully request that the Court overrule the Debtor's Objections to Claim Numbers 5 and 8 and allow the claims as filed.

Respectfully submitted,

By: /s/ *James E. Vaughan*
James E. Vaughan
NC State Bar No. 12669
James E. Vaughan, Attorney at Law, P.C.
206 North Spruce Street, Suite 2A
Winston-Salem, NC 27101
(336) 725-7772
(336) 725-7737 Facsimile
*Local Counsel for American Express Bank, FSB and eCAST Settlement Corporation*

BECKET & LEE LLP
PO Box 3001
Malvern, PA 19355
Telephone: (610) 644-7800
*Counsel for American Express Bank, FSB and eCAST Settlement Corporation*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CASE NO: 09-81025 |
| DONALD JAY MCCAULEY, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has this date served a copy of the **RESPONSE OF AMERICAN EXPRESS BANK, FSB AND ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTIONS TO CLAIM NUMBERS 5 AND 8**, by placing said copies in a first-class mail envelope, postage prepaid, and depositing same with the United States Postal Service, addressed to the parties listed below.

Richard M. Hutson, II
Chapter 13 Trustee
302 East Pettigrew St.
Suite B-140
P.O. Box 3613
Durham, NC 27702

Donald Jay McCauley
101 Planters Creek Drive
Myrtle Beach, SC 29579

Edward Boltz, Esquire
Law Offices of John T. Orcutt, P.C.
1738-D Hillandale Rd.
Durham, NC 27705

This the 11th day of June, 2010.
/s/ *James E. Vaughan*
James E. Vaughan
NC State Bar No. 12669
James E. Vaughan, Attorney at Law, P.C.
206 North Spruce Street, Suite 2A
Winston-Salem, NC 27101
(336) 725-7772
(336) 725-7737 Facsimile
*Local Counsel for American Express Bank, FSB and eCAST Settlement Corporation*

1